**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

IN RE:                               )
    Ann Rodriguez            )
                                     )
    Debtor(s)                ) Case No.
                                     )
                                     )

## CHAPTER 13 PLAN

1. **Payments to Trustee:**
The future earnings of the debtor(s) are submitted to the supervision and control of the Court and the **debtor(s) shall pay to the trustee the sum of $96.00 weekly, plus Federal and State tax refunds** for the term of the plan, with the first weekly payment due 30 days after filing.

2. **Plan Length:** This plan is estimated to be for 60 months.

3. **From the payments so received, the trustee shall make disbursements as follows:**

    a. **Priority claims under 11 U.S.C. Sec. 507:** to be paid concurrently and pro rata with secured claimholders.

    b. **Secured Claims to be valued under Section 1325(a)(9) that will not extend beyond the term of the Plan:**

    Ripple & Fernell shall be paid the estimated net payoff as of the Petition date the amount of $7,000.00 plus interest at the rate of 5.25% for a total of $7,974.00 secured by a 2004 Chevy Venture, pro rata in regular monthly payments by the Trustee.

    c. **Secured Claims to be valued under Section 506(a) that will not extend beyond the term of the Plan:**

    d. **Secured Claims that will extend beyond the term of the Plan, with the Trustee curing any defaults and the balance of the claim to be paid directly by the debtor(s) according the terms of the loan agreement:**

Wells Fargo Home Mortgage to be paid $12,710.00 or 100% to cure arrears by Trustee and $51,585.00 secured by first mortgage directly by the debtor.

    e. **Pursuan to 11 USC 1325(a)(5)(B)(I) the holders of secured claims shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the entry of the discharge under Section 1328, and if the case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law pursuant to 11 USC 1325(a)(5)(B)(i). Secured claims shall be paid pro rata and concurrently with priority tax and DSO claims if any.**

    f. **The Trustee shall be entitled to reimbursement of fees and costs up to the percentage fee fixed by the Attorney General of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation. The Trustee shall pay the allowed administrative attorney's fees in full following the entry of the court order approving of said fees in full prior to the payment of any other priority, secured or unsecured claim holders.**

    g. **Should claim holders secured by real estate be granted relief from stay, then the balance of any secured claim shall be disallowed and no subsequent payments shall be made by Trustee.**

4. **Pre-confirmation Lease and Adequate Protection Payments:**

(1) Pre-confirmation payments on leases of personal property governed by 11 U.S.C. 1326(a)(1)(B) shall be made directly by the debtor to the lessor if the plan provides for the debtor to assume the lease. However, such payments shall not reduce the amount of the payments to be made to the trustee as proposed in the plan, since the plan must provide for all lease payments that come due postpetition to be paid direct by the debtor to the lessor, not through the trustee, and such payments should be shown as an expense on Schedule J. If the plan provides that the lease is to be rejected or does not provide any treatment of the lease, no payments shall be made to the lessor unless otherwise ordered by the court.

(2) Pre-confirmation adequate protection payments governed by 11 U.S.C. 132(a)(1)(C) shall be made directly by the debtor to the secured creditor only if the plan provides for the debtor to retain the collateral and to pay the claim outside of the plan, not through the trustee, in which case the amount and due date of each adequate protection payment shall be as provided for in the contract between the parties. If the plan provides for the payment of the secured claim by the trustee, the debtor shall pay the trustee the full payment required by the plan and the trustee shall make the monthly pre-confirmation payments to the secured creditor in the amount that the creditor would receive if the plan (or any amended plan) was confirmed as filed, to the

extent of available funds. All adequate protection payments shall be credited against the allowed secured claim. The Trustee shall be allowed to take his authorized fee on all adequate protection payments.

5. **Property to be surrendered to secured creditor:**

6. **Unsecured claims:** After the above claims have been paid in full, holders of unsecured claims are to be paid pro rata. If the plan, in fact provides for less than 100% payment to unsecured claimholders, those whose pro rata claim is to be less than $15.00, then said claim shall be paid 0%.

7. **Executory Contracts and Unexpired Leases:** The following are to be either assumed or rejected.

8. **Lien Avoidance:** Any lien which may be avoided pursuant to 11 USC 522(f) shall be avoided to the benefit of debtor(s), to the extent permitted by Illinois Law. The holders of all other secured claims shall retain the lien securing such claims until the full amount for which the claim is allowed is paid, or until the date of discharge under section 1328, 11USC 1325(a)(5)(B)(i).

9. **Vesting of Title:** Title to the property of the estate shall vest in the debtor(s) upon confirmation of the plan pursuant to 11 USC, Section 1327(b).

10. **Claim of Exemptions:** Debtor(s) claims of exempt property and valuations thereof filed pursuant to the code of Iowa, shall be allowed in the amounts listed on Schedule C.

11. **Post Petition Claims:** Pursuant to 11 USC Sec. 1322(b)(6) the Debtor(s) will pay 100% of all postpetition claims allowed under 11 USC Sec. 1305 as part of the confirmed plan when and if such claims arise.

12. **Late filed Claims:** All late filed unsecured claims shall be separately classified and will be paid 0%.

13. **Allowance of Claims:** All timely filed claims shall be allowed as to the amount and classification unless objected to by the debtor.

14. **Insurance Coverage:** Where required by the installment sale contract debtor(s) shall maintain collision and comprehensive insurance coverage for the term of the plan.

Summary of Debts to be paid:

Administrative Priority

| | | |
|---|---|---|
| | Trustee's Fee | $ 2,268.00 |
| | Attorney Fee | $ 2,000.00 |
| Priority: | | $ |
| Secured 1325(a)(9) Claims: | | $ 7,974.00 |
| Secured 506(a) Claims | | $12,710.00 |
| General Unsecured: | | $ |
| TOTAL TO BE PAID: | | $24,952.00 |

Debtor _____/s/ Ann Rodriguez_____

Dated:  __7/20/11____          _____/s/ Michael A Williams_____
                                WILLIAMS & ASSOC., PC
                                Attorney for the Debtors

Williams & Assoc., P.C.
Attorneys at Law
423 17th Street, Ste 201
Rock Island, IL  61201
(309) 788-3799